UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER STRANGE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:21-cv-00005 |
| PIONEER CREDIT RECOVERY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff CHRISTOPHER STRANGE ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of PIONEER CREDIT RECOVERY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a disabled consumer over-the-age of 18, and a resident of Washington County, Indiana, which is within the Southern District of Indiana.

5. Defendant is a third-party debt collector servicing various industries, including educational loans.[1] Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 24 Edward Street, Arcade, New York 14009. Defendant's registered agent in Indiana is the Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant regularly collects from consumers residing within the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a consumer loan that Plaintiff purportedly defaulted upon ("subject debt").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. Around the spring of 2020, Plaintiff began receiving calls to his cellular phone, (812) XXX-0667, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0667. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://pioneercreditrecovery.com/

11. Defendant has mainly called Plaintiff using the phone number (765) 588-5857, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the aforementioned phone number ending in -5857 is regularly utilized by Defendant during its debt collection activity.

13. Upon speaking with Defendant's representatives, Plaintiff is informed that Defendant is acting as a debt collector attempting to collect upon the subject debt.

14. Plaintiff is an active duty police officer, and is thus unable to take personal phone calls during his shift.

15. Plaintiff has received phone calls from Defendant during his work hours which has prompted him to answer and inform Defendant to stop calling him.

16. In spite of this information, not only has Defendant continued to place calls to Plaintiff's cellular phone, but Defendant has also continued to bombard Plaintiff with collection phone calls during his work hours.

17. Plaintiff has reiterated this information during subsequent conversations with Defendant to no avail.

18. Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed at least a dozen of calls to Plaintiff's cellular phone.

19. Defendant has even placed multiple calls to Plaintiff's cellular phone during the same day.

20. Seeing no end to Defendant's relentless conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's behavior, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is a self-proclaimed debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.  Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1987.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c and §1692d**

---

[2] https://www.acainternational.org/search#memberdirectory

29. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

30. Defendant violated 15 U.S.C. §1692c(a)(1) when it continued to place relentless calls to Plaintiff's cellular phone while Plaintiff was working as an on duty police officer, despite Plaintiff's explicit request that it cease doing so.  Given the perilous nature of Plaintiff's job, Defendant's continued calls during Plaintiff's work hours subjected Plaintiff to dangerous distractions and disrupted his ability to focus on his duties.  Defendant had knowledge that contacting Plaintiff during his work hours was inconvenient, but Defendant proceeded to place calls to Plaintiff's cellular phone during this time, in violation of §1692c(a)(1).

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least a dozen times after he demanded that it cease doing so.  This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive.  The frequency and nature of calls, including multiple calls during the same day, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.  Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b.  **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to contact Plaintiff via automated calls. Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him using an automated system when it no longer had permission to do so.

   c. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least a dozen times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRISTOPHER STRANGE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 7th day of January, 2021.          Respectfully Submitted,

                                                         */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Christopher Strange*